Filed 10/25/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| AARON STARR,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ROSE CHAPARRO, as City Clerk, etc. et al.,<br><br>    Defendants and Respondents. | 2d Civ. No. B307585<br>(Super. Ct. No. 56-2020-00541757-CU-WM-VTA)<br>(Ventura County) |

A city ordinance adopted by the voters may be repealed or amended only by a vote of the people. (Elec. Code, § 9217.)[1] A city council enacted an ordinance that served to deny voters their rights guaranteed by the Election Code. Here, we restore their rights.

Plaintiff presented a valid initiative petition adopted by the voters to amend a city ordinance to add term limits for council members. The city adopted the amended ordinance as its own instead of placing it on the ballot. But it did so in a manner that

---

[1] All statutory references are to the Elections Code unless otherwise stated.

rendered the ordinance a nullity, depriving the voters of the opportunity to decide the issue of term limits. The trial court denied plaintiff's request for a writ of mandate to compel the city to place the initiative on the ballot. We reverse.

FACTS

*1973 Ordinance*

Prior to 1973, the mayor of the City of Oxnard (City) was appointed by the city council. In June 1973, the city council received an initiative petition seeking to place before the voters the questions whether the mayor should be directly elected and, if so, whether the term should be two or four years.

After the city council received the petition, the city attorney ruled the petition invalid because it did not attach an ordinance. Instead of proceeding on the initiative petition, the City, on its own, pursuant to its authority under Government Code section 34900, ordered the questions placed on the ballot. In a November 1973 election, the majority of voters voted to have an elected mayor with a two-year term of office.

*Measure B*

In October 2019, the city council adopted a resolution placing Measure B on the ballot for an election to be held in March 2020. Measure B sought to amend section 2-3 of the Oxnard City Code to extend the mayor's term to four years and to add section 2-4 to establish a limit of three terms for city council members.

*Starr's Initiative Petition*

Two weeks after the city council resolution placing Measure B on the ballot, Aaron Starr delivered an initiative petition to the city council. Like Measure B, the initiative would amend section 2-3 to extend the mayor's term to four years. Unlike Measure B,

2.

however, Starr's initiative would not allow a person to indefinitely alternate between mayor and council member without a break. Starr's initiative would establish a combined two-term limit for mayor and council member. Thus, a person who served two terms as mayor could not immediately run for council member. Instead, a person who served two terms as mayor or council member or a combination of the two would be required to wait two years before running again. The Ventura County Elections Division certified the signatures on Starr's initiative petition.

Instead of placing Starr's initiative on the ballot, in January 2020, the City exercised its option under section 9215, subdivision (a) to adopt the initiative as an ordinance without alteration.[2] As we shall explain, this action is a nullity under section 9217. The City did not, however, remove Measure B from

---

[2] Section 9215 reads as follows: "If the initiative petition is signed by not less than 10 percent of the voters of the city, according to the last report of registration by the county elections official to the Secretary of State pursuant to Section 2187, effective at the time the notice specified in Section 9202 was published, or, in a city with 1,000 or less registered voters, by 25 percent of the voters or 100 voters of the city, whichever is the lesser number, the legislative body shall do one of the following: [¶] (a) Adopt the ordinance, without alteration, at the regular meeting at which the certification of the petition is presented, or within 10 days after it is presented. [¶] (b) Submit the ordinance, without alteration, to the voters pursuant to Section 1405. [¶] (c) Order a report pursuant to Section 9212 at the regular meeting at which the certification of the petition is presented. When the report is presented to the legislative body, the legislative body shall either adopt the ordinance within 10 days or order an election pursuant to subdivision (b)."

the ballot. The voters adopted Measure B in the March 3, 2020, election. Thus, the terms of Measure B prevailed over the terms of Starr's initiative previously adopted as an ordinance, and the term limits provided in Starr's initiative did not take effect.

### Starr's Writ Petition

On June 9, 2020, Starr filed the instant petition for writ of mandate seeking to order the city clerk to place his term limits initiative on the November 3, 2020, ballot. The trial court denied the petition. The court rejected Starr's argument that section 9217 requires his initiative to be placed on the ballot. The court also denied Starr leave to amend his petition to allege breach of Government Code section 34900 because it was raised for the first time in his reply brief.

## DISCUSSION

## I

### The City Erred in Failing to Place
### Starr's Initiative on the Ballot

Section 9215 provides in part that when a city receives an initiative petition with a sufficient number of signatures, the city must do one of the following: (a) Adopt the ordinance, without alteration, at the regular meeting at which the certification of the petition is presented, or within 10 days after it is presented; (b) submit the ordinance, without alteration, to the voters pursuant to section 1405.

The City argues that when it adopted the ordinance in Starr's petition without amendment, the City gave him the entire remedy to which he is entitled. It did the opposite. The City deprived Starr and the citizens who signed his initiative of the remedy they sought and to which they were entitled, term limits for council members.

4.

Starr relies on section 9217. That section provides in part: "No ordinance that is either proposed by initiative petition and adopted by the vote of the legislative body of the city without submission to the voters, or adopted by the voters, shall be repealed or amended except by a vote of the people, unless provision is otherwise made in the original ordinance."

Starr points out that section 9217 prohibits repeal or amendment of an ordinance adopted by the voters except by a vote of the people. He argues that because the 1973 ordinance was adopted by the voters, the city council's adoption of his initiative ordinance rendered his initiative nugatory. He concludes the City was required to place his initiative on the ballot. Not doing so defeats the initiative.

The City replies that section 9217 only applies to ordinances adopted by the voters through the initiative process and that the 1973 ordinance was not adopted through the initiative process. Instead, it was placed on the ballot by the City pursuant to Government Code section 34900.

It is true that section 9217 is found in the part of the Elections Code governing initiatives and it certainly applies to initiatives. The City overlooks that the plain language of section 9217 is not limited to adoption by the voters through the initiative process. It simply governs ordinances "adopted by the voters." That applies to all such ordinances, including the 1973 ordinance.

The City argues that the phrase "proposed by initiative" found in section 9217 also governs "adopted by the voters." But the section reads: "No ordinance that is either proposed by initiative . . . or adopted by the voters . . . ." (*Ibid.*) "[A]dopted by

5.

the voters" follows the disjunctive "or." It states a separate category from "proposed by initiative."

The City cites recent cases it claims confirm that measures placed on the ballot by a city and measures placed on the ballot by initiative are frequently subject to different standards. (*City & County of San Francisco v. All Persons Interested in Matter of Proposition C* (2020) 51 Cal.App.5th 703, 723-724; *City of Fresno v. Fresno Building Healthy Communities* (2020) 59 Cal.App.5th 220, 239.) Those cases hold specific constitutional provisions requiring a two-thirds vote to approve taxes proposed by the City do not apply to such taxes proposed by initiative.

The City points to no such specific constitutional provisions applicable here. Had the Legislature in enacting section 9217 intended to distinguish between ordinances adopted by the voters through the initiative process and ordinances adopted by the voters following some other process, it would have said so. It did not. In fact, the City fails to suggest any reason why the Legislature would make such a distinction.

The City's action in adopting Starr's initiative ordinance could not have amended the 1973 ordinance. Only a vote by the people could accomplish this. Section 9215 requires the City to place Starr's initiative on the ballot.

## II

### *Remedy*

What is the appropriate remedy for the City's failure to place Starr's initiative on the ballot?

The City contends the passage of Measure B makes the question moot. We disagree. There is a remedy to rectify the City's maneuver to prevent the voters from deciding an issue. A question is moot when a court cannot grant plaintiff any effectual

relief.  (*Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1574.)

The City points out that both Measure B and Starr's initiative sought to amend section 2-3 of the city code and to add section 2-4.  That is generally true.  But there are significant differences in the way Measure B and Starr's initiative amends and adds to those sections of the city code.  The voters have the right to decide Starr's initiative.

The City argues that because the 1973 ordinance, at which Starr's initiative was aimed, was changed by Measure B, Starr's petition is now factually misleading and cannot be altered.  The City cites section 9215 for the proposition that it must place the initiative before the voters without alteration.  Thus, the City concludes the courts can offer no remedy.

Such wishful thinking is of no help to the City.  As the City demonstrated with Measure B, it has the power to place its own measures on the ballot.  The City shall place Starr's initiative on a future ballot as its own measure with appropriate alterations, if necessary, needed due to the passage of Measure B.

III

*Laches*

The City contends that Starr's action is barred by laches.

Although it is possible Starr could have brought the issue before the city council earlier, there is no prejudice.  Starr's initiative shall be placed on the ballot.

DISPOSITION

The judgment is reversed. The city council is ordered to place Starr's initiative on the ballot no later than 180 days. Costs are awarded to appellant.

<u>CERTIFIED FOR PUBLICATION.</u>


GILBERT, P. J.

We concur:


PERREN, J.


TANGEMAN, J.

Henry J. Walsh, Judge

Superior Court County of Ventura

_____

Law Office of Chad D. Morgan and Chad D. Morgan for Plaintiff and Appellant Aaron Starr.

Colantuono, Highsmith & Whatley, Holly O. Whatley, and Liliane M. Wyckoff for Defendants and Respondents Rose Chaparro and City of Oxnard.